UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                Plaintiff,

-against-

VILLAGE/TOWN OF MOUNT KISCO,
New York, and AUSTIN F. CASSIDY,
individually,

                Defendants.
------------------------------------------------------------x

ORIGINAL

07 Civ. (  )

COMPLAINT

Jury Trial Demanded

07 CIV. 4141

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory limitations on the placement of newsracks on public and private property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which limitations violate Plaintiff's rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant VILLAGE/TOWN OF MOUNT KISCO, New York (hereinafter "Village"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Village has adopted and enforces the following code provisions, which provide in Chapter 76 ("NEWSRACKS") in pertinent respect:

> **§76-1. Findings and purpose.**
>
> A. Findings. The Board of Trustees of the Village/Town of Mount Kisco (the village) finds and declares that:
>
> > (1) The uncontrolled placement and maintenance of newsracks in public rights-of-way present a. . . Danger to the. . .welfare of persons. . .
> >
> > \*       \*       \*
> >
> > (3) These factors constitute an unreasonable interference with and obstruction of the use of public rights-of-way, are. . .offensive to the senses and. . .interfere with the comfortable enjoyment of life. . .

2

**§76-3. Permit required.**

It shall be unlawful for any person, firm or corporation to install, maintain or operate on any public street or sidewalk, or in any other place in the village, any newsrack, without first having obtained a permit from the Building Inspector specifying the exact location of such newsrack. . .

**§76-4. Application for permit; fee.**

A. Application for such permit shall be made, in writing, to the Building Inspector. . .and shall contain. . .the proposed specific location of each newsrack. . .

B. From the above application information, the Building Inspector shall approve or disapprove the locations. In any case where the Building Inspector disapproves of a particular location, such disapproval shall be without prejudice to the applicant designating a different location.

\*         \*         \*

**§76-5. Conditions and duration of permit.**

\*         \*         \*

B. Such permits shall be valid for three years and shall be renewable pursuant to the procedure for original applications and upon payment of the permit fee.

     \*     \*     \*

**§76-6. Indemnification.**

As a condition of approval of any newsrack permit, the distributor shall file a written statement with the Building Inspector. . .by which the owner agrees to indemnify, hold harmless and defend the village, its officers and employees against any loss, liability or damage, including expenses and costs, for bodily or personal injury and for property damage sustained by any person as a result of the installation, use and/or maintenance of a newsrack within the village.

**§76-7. Insurance**

As a condition of approval of any newsrack permit, the distributor shall file with the Building Inspector a certificate of insurance, demonstrating that the distributor has public liability and property damage insurance with personal injury limits of at least $2,000,000 for any one incident and property damage limits of at least $2,000,000 for any one incident. The insurance policy must name the Village/Town of Mount Kisco as an additional insured. . .

     \*     \*     \*

**§76-10. Violations; removal; inspection fees.**

Upon determination by the Building Inspector that a newsrack has been installed, used or maintained in violation of this chapter, the Building Inspector shall issue an order to the distributor of the newsrack to correct the offending condition. . .Failure to properly

correct the offending condition. . .shall result in the offending newsrack being summarily removed and possessed as unclaimed property. . .The Building Inspector shall cause inspection to be made of the corrected condition or of a newsrack reinstalled after removal under this section. The distributor of said newsrack shall be charged an inspection fee for each newsrack so inspected in an amount established by the Board of Trustees. . .

\*          \*          \*

**§76-12. Abandonment.**

In the event that a newsrack remains empty for a period of 45 continuous days, the same shall be deemed abandoned and may be treated in the manner provided in §76-10 for newsracks in violation of this chapter."

5. Defendant AUSTIN F. CASSIDY (hereinafter "Cassidy"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Building Inspector for the Village.

6. By correspondence dated February 12, 2007, Cassidy wrote to Plaintiff advising in pertinent respect:

"Dear Publisher:

In June 2000 the Village of Mt. Kisco enacted a local law to regulate the number and location of newsrack type distribution machines placed along public ways in this village. This was for a variety of public safety and welfare reasons. Permits were required for all such devices on public ways. . .

5

> Your publication does not have a permit and must secure one at this time or you must promptly remove all your devices from the public ways in the village.
>
> Enclosed please find an application form. Please complete and return same with the required items following [*sic*.]:
>
>    *       *       *
>
> **Indemnification Document** – Please submit a <u>written</u> statement by which your company '*agrees to indemnify, hold harmless and defend the village, its officers and employees against any loss, liability or damage, including expenses and costs for bodily or personal injury and for property damage sustained by any person as a result of the installation, use and/or maintenance of a*' (your) '*newsrack within the village.*'
>
> **Insurance Certificate** – Personal libility: $2M/person; $2M/incident & Public property damage: $2M/incident naming the Village as additional insured"

(boldface, italics, and parenthetic reference in original).

 7. By a March 13, 2007, letter Cassidy sent to Plaintiff a "**Notice of Violation** – Newsrack Location Permit", stating in pertinent respect:

> "Your newsrack devices. . .do not have a valid permit and must be removed.
>
>    *       *       *
>
> Please be advised that in accordance with our local law if your

6

newsracks are not either duly registered or promptly removed, the Village will remove them as unclaimed property without any hesitation."

Thereafter the subject newsracks were confiscated by the Village - - apparently "without any hesitation" and in retaliation for Plaintiff's exercise of its First Amendment protected rights.

## AS AND FOR A FIRST CLAIM
## AGAINST THE VILLAGE

8. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

9. Since Section 76-4(B) vests unfettered power in the Building Inspector (without any standards, guidelines and/or any time/place/manner criteria) to determine the location(s) on public property where Plaintiff may engage in constitutionally protected conduct, that Section violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM
## AGAINST THE VILLAGE

10. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

11. Since Section 76-4(B) confers upon the Building Inspector unfettered authority (without any standards and/or guidelines or constraints as to time/place and/or manner) to determine the location of newsracks on the basis of the content of Plaintiff's

speech as contained in its newspaper, that Section violates Plaintiff's rights as so guaranteed.

## AS AND FOR A THIRD CLAIM
## AGAINST THE VILLAGE

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

13. Section 76-5's provision for renewable permits unlawfully chills Plaintiff in the exercise of its constitutionally protected rights as guaranteed by the First Amendment since it constitutes a prior restraint that is not circumscribed by any standards, criteria, guidelines, much less standards pertaining to time/place and/or manner, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM
## AGAINST THE VILLAGE

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

15. The indemnification requirement of Section 76-6 constitutes an unlawful prior restrain imposed without benefit of any standards, criteria or guidelines as to time/place and/or manner, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM
## AGAINST THE VILLAGE

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

17. Section 76-5's indemnification requirement violates Plaintiffs rights as guaranteed by the Fourteenth Amendment, 42 U.S.C. §1983, since no similar requirement is imposed on the First Amendment protected conduct of other users of the public rights of way in the Village with respect to their utilization of: wheelchairs, baby carriages, bicycles, shopping carts, motorcycles, tricycles, wheelbarrows, automobiles, seeing eye dog walking, and *inter alia* commercial vehicles.

## AS AND FOR A SIXTH CLAIM
## AGAINST THE VILLAGE

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

19. The indemnification requirement of Section 76-6 constitutes an unlawful prior restrain imposed without benefit of any standards, criteria or guidelines as to time/place and/or manner, 42 U.S.C. §1983.

## AS AND FOR A SEVENTH CLAIM
## AGAINST THE VILLAGE

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

21. Section 76-6's insurance requirement violates Plaintiffs rights as guaranteed by the Fourteenth Amendment, 42 U.S.C. §1983, since no similar requirement is imposed on the First Amendment protected conduct of other users of the public rights of way in the Village with respect to their utilization of: wheelchairs, baby carriages, bicycles,

shopping carts, motorcycles, tricycles, wheelbarrows, automobiles, seeing eye dogs, and *inter alia* commercial vehicles.

## AS AND FOR AN EIGHTH CLAIM
## AGAINST THE VILLAGE

22. Repeats and realleges a if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

23. Section 76-7's requirement that, as a condition of Plaintiff's exercise of its constitutional rights it must agree to the terms of "Insurance" constitutes a unlawful prior restraint that violates Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A NINTH CLAIM
## AGAINST THE VILLAGE

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

25. Section 76-10 constitutes an unconstitutional prior restraint by reason of its empowering the Building Inspector to censor and/or abridge Plaintiff's exercise of its First Amendment rights without benefit of any standards, conditions, guidelines as to time/location/manner, 42 U.S.C. §1983.

## AS AND FOR A TENTH CLAIM
## AGAINST THE VILLAGE

26. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

27. Section 76-12's "abandonment" provision unconstitutionally regulates when and/or with what degree of frequency Plaintiff is required to exercise its rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

### AS AND FOR AN ELEVENTH CLAIM
### AGAINST CASSIDY AND THE VILLAGE

28. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

29. The threats expressed by Cassidy in his correspondence to Plaintiff, and the action taken pursuant to those threats by Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the Constitution, 42 U.S.C. §1983.

### AS AND FOR A TWELFTH CLAIM
### AGAINST THE VILLAGE

30. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

31. Section 76-3's conditioning the placement of a newsrack on private property ["any other place in the village"] upon Plaintiff's securing a permit from the Village constitutes an unlawful prior restraint imposed without benefit of any conditions, limitations, and/or criteria as to time and/or manner.

### AS AND FOR A THIRTEENTH
### CLAIM AGAINST THE VILLAGE

32. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

11

33. Section 76-10's empowerment of the Building Inspector to punish Plaintiff for what the Building Inspector subjectively may regard as "offensive to the senses" and/or a "danger to the...welfare of person" and/or an interference with the "comfortable enjoyment of life" as provided for in Section 76-1(A) constitutes an unlawful prior restrain violative of Plaintiffs rights as guaranteed by the First Amendment, 42 U.S.C. §1983.

### AS AND FOR A FOURTEENTH CLAIM
### AGAINST THE VILLAGE

34. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

35. Section 76-10's empowerment of the Village to charge an undefined and/or apparently unlimited "inspection fee" constitutes an unconstitutional prior restraint without benefit of any standards, criteria and/or limitations, violative of Plaintiff's rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Declaring Article 76 of the Village Code violative of Plaintiff's First and Fourteenth Amendment rights,

b. Ordering the Village to enact, consistent with Plaintiff's rights as guaranteed by the First and Fourteenth Amendments, a code provision concerning the placement of newsracks on public property within the Village,

c. Permanently enjoining Defendant from enforcing as against Plaintiff Article 76,

  d. Awarding against Defendants such compensatory damages as the jury may determine,

  e. Awarding against Defendant Austin such punitive damages as the jury may impose,

  f. Awarding reasonable attorney's fees and costs, and,

  g. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
   May 26, 2007

               LOVETT & GOULD, LLP
               By:_____
                 Jonathan Lovett (4854)
               Attorneys for Plaintiff
               222 Bloomingdale Road
               White Plains, N.Y. 10605
               914-428-8401